**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

_____

**PRAECIPE FOR ENTRY OF APPEARANCE,**
**CONFESSION OF JUDGMENT FOR MONEY AND**
**ASSESSMENT OF DAMAGES**

Pursuant to the authority contained in the Warrant of Attorney under a Commercial Guaranty (the "Guaranty"), a copy of which is attached to the Complaint filed in this action, I appear for Defendant Dollar Import, Inc. (hereinafter referred to as the "Defendant"), and confess judgment for money in the amount of $352,169.40 plus interest calculated from and after June 11, 2002 at the default rate of interest under the Note which is equal to $85.89 per day in favor of Plaintiff and against Defendant, as follows:

Principal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $317,114.85

Accrued interest under the Note at the non-default contractual rate of interest set forth in the Note from May 1, 2002 through May 15, 2002. The non-default contractual rate of interest was the prime rate announced in the Wall Street Journal as of February 3, 2002 plus 2% which equaled 6.75% per annum . . . . . . . . . . . . . . . . . . . $    891.90

Accrued interest under the Note at the Default Rate of

9.75% per annum from May 16, 2002 through June 10, 2002 . . .   $   2,147.25

Attorneys' commission as per the Note in the amount of
10% of all amounts due under the Note . . . . . . . . . . . . . . . . . . . . . .   $
32,015.40

**TOTAL AMOUNT DUE UNDER THE NOTE** . . . . . . . . . . . .   <u>**$352,169.40**</u>

     Plus interest at the default rate of interest under the Guaranty calculated from and after June 11, 2002, which is equal to $85.89 per day, until the judgment is paid in full.


_____
DAVID M. GILES, ESQUIRE
ALAN NOCHUMSON, ESQUIRE
Attorneys for Defendant
Pursuant to Warrant of Attorney


     Judgment is hereby entered as above requested.


_____
CLERK OF COURT

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

_____

### COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY

Plaintiff HSBC Bank USA (hereinafter referred to as the "Plaintiff") brings this action

pursuant to Pa. R.C.P. 2951, et seq., to obtain a judgment for money against Defendant Dollar

Import, Inc. (hereinafter referred to as the "Defendant"), and, in support thereof, avers as

follows:

### Parties

1.      Plaintiff is a New York banking corporation with a place of business located at

One HSBC Center, Buffalo, New York 14203.

2.      Upon information and belief, Defendant is a Pennsylvania corporation with a

business address of 8113 Frankford Avenue, Philadelphia, Pennsylvania 19136.

### Jurisdiction & Venue

3.      The jurisdiction of this Court is based upon Diversity of Citizenship between the parties pursuant to 28 U.S.C. §1332.  The amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

4.      Venue properly lies in this Court because, as set forth more fully below, the documents that were executed in connection with the transactions giving rise to the cause of action asserted herein state that they should be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

### Background

5.      On or about February 3, 1998, First Commercial Bank of Philadelphia (hereinafter referred to as "FCB"), predecessor-in-interest to Plaintiff, made a loan to Yosef Meir (hereinafter referred to as the "Borrower") in the aggregate principal amount of Three Hundred and Fifty Thousand Dollars ($350,000) (the "Loan"), which Loan was evidenced by that certain Promissory Note of an even date ("Note").  A true and correct copy of the Note is attached hereto as Exhibit "A".

6.      The Loan is secured by that certain Mortgage dated February 3, 1998 (the "Mortgage") on the real property commonly known as 8113-8119 Frankford Avenue and rear 8111 Frankford Avenue, Philadelphia, Pennsylvania 19136 (the "Mortgage Premises").  A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

7.      The Note is also secured by a certain Assignment of Rents dated February 3, 1998 (the "Assignment of Rents")  for the Mortgaged Premises pursuant to the provisions of which, among other things, Borrower assigned to Plaintiff his right, title and interest in all of the rents, revenues, incomes, issues, profits, revenues and other income generated from the Mortgaged

Property under any leases or otherwise (collectively referred to as the "Rents").  A true and correct copy of the Assignment of Rents is attached hereto as Exhibit "C".

8.      The Loan is also irrevocably, absolutely and unconditionally guaranteed by Defendant pursuant to that certain Commercial Guaranty dated February 3, 1998 (the "Guaranty").  A true and correct copy of the Guaranty is attached hereto as Exhibit "D".

9.      The Note, the Mortgage, the Assignment of Rents and the Guaranty and any other document which evidences, secures or relates in any way to the Loan shall be collectively referred to hereafter as the "Loan Documents".

10.     The Note provides that the Borrower would make monthly principal and interest payments beginning April 1, 1998 and continuing on the first day of each calendar month thereafter until March 1, 2003.

11.     The Note provides that, commencing on April 1, 2000, Defendant would pay to Plaintiff interest on the principal balance of the Loan at a rate of one percentage point above the "First Commercial Bank of Philadelphia One-Year Base Rate" (the "Index").

12.     FCB issued its Index based upon the prime rate published in the Money Rates Column or Section of the Wall Street Journal (the "WSJ Index").  The Index was fixed at one percentage point above the WSJ Index.

13.     Pursuant to the terms of the Note, in the event the Index becomes unavailable during the term of the Loan, the Note allows the Plaintiff to designate a substitute index.

14.     Upon information and belief, after FCB was purchased by Plaintiff, the Index became unavailable and Plaintiff designated the WSJ Index as the substitute index.  Since Plaintiff's purchase of FCB, the rate of interest has been adjusted and fixed annually on

February 3rd of each year so that the Loan bears interest at a rate of two (2%) percent per annum in excess of the prime rate reported in the WSJ Index.[1]

15.     Moreover, since Plaintiff's purchase of FCB, Borrower has received invoices from Plaintiff based upon a rate of interest which is two (2%) percent per annum in excess of the WSJ Index and Borrower has made payments to Plaintiff on the basis of such rate and has never disputed the validity or correctness of such interest rate.  A copy of an invoice which was sent to Borrower and which Borrower paid is attached hereto as Exhibit "E".

16.     Under the terms of the Note, an Event of Default shall occur, inter alia, if: (i) the Borrower breaks any promise the Borrower made to Plaintiff; or (ii) the Borrower fails to comply with or to perform when due any other term, obligation, covenant or condition contained in the Note or any agreement related to the Note or any other agreement or loan the Borrower had with Plaintiff.

17.     The Mortgage specifically provides that the Borrower is obligated to pay when due all taxes levied against or on account of the Mortgaged Premises.

18.     The Borrower failed to pay real estate taxes due on the Mortgaged Premises to the City of Philadelphia for tax year 1998 in the amount of $11,062.10, for tax year 1999 in the amount of $14,463.02, for tax year 2000 in the amount of $13,447.57, for tax year 2001 in the amount of $11,980.83 and for tax year 2002 in the amount of $10,736.59 and Defendant owes $61,690.11 in delinquent real estate taxes.  The failure of the Borrower to pay such real estate taxes when such taxes were due constitutes an Event of Default under the Note and the other Loan Documents.

---

[1]     The rate of interest charged by Plaintiff under the WSJ Index is equal to the rate of interest that was being charged by FCB under the Index.

3

19.     Pursuant to the terms of the Note, upon the occurrence of an Event of Default thereunder, the entire unpaid principal balance, without notice to the Borrower, becomes due and payable immediately with interest.

20.     Upon the occurrence of an Event of Default and the acceleration of the indebtedness due under the Note, and until Borrower's indebtedness to Plaintiff is paid in full, the rate of interest, including the period following entry of any judgment, is three (3%) percent per annum in excess of the otherwise applicable interest rate under the Note ("Default Rate").

21.     On May 15, 2002, Plaintiff provided the Borrower, via First Class Mail and Certified Mail, return receipt requested, with a Notice of Default and Acceleration ("Notice of Default and Acceleration") which advised Borrower that, due to Borrower's defaults and/or the occurrence of Events of Default under the Note and the other Loan Documents, including, but not limited to, Borrower's failure to pay the real estate taxes on the Mortgaged Premises, Plaintiff had accelerated all principal, interest and all other amounts due under the Note and the other Loan Documents.  A true and correct copy of the Notice of Default and Acceleration is attached hereto as Exhibit "F".

22.     In the Notice of Default and Acceleration, Borrower was informed that due to the occurrence of Events of Default and the acceleration by Plaintiff of all amounts due under the Note and the other Loan Documents, Plaintiff intended, without further notice, to utilize all legal and equitable remedies available to Plaintiff under the Note and the other Loan Documents.

23.     In the Notice of Default and Acceleration, Plaintiff also advised Borrower that interest would accrue under the Note at the Default Rate.

24.     On June 10, 2002, Plaintiff forwarded the Notice of Default and Acceleration to

4

the Defendant, via First Class Mail and Certified Mail, return receipt requested, and advised

Defendant of the Plaintiff's intent and ability, due to Borrower's defaults under the Note, to

accelerate all amounts due under the Loan Documents and to pursue any and all of its rights and

remedies under the Loan Documents against either the Borrower or the Defendant, as guarantor

of the Note (the "Second Notice of Default and Acceleration").  A true and correct copy of the

Second Notice of Default and Acceleration is attached hereto as Exhibit "G".

   25. Despite receipt of the Notice of Default and Acceleration, the Borrower and the

Defendant have failed to pay all amounts due under the Note and the other Loan Documents.

   26. The Guaranty contains a warrant of attorney (the "Warrant of Attorney"), wherein

Defendant authorizes Plaintiff to confess judgment against Defendant for all or any part of the

sums due to Plaintiff under the Note, together with an attorneys'  commission of ten (10%)

percent of all amounts then due to Plaintiff.  A true and correct copy of the Warrant of Attorney

is attached hereto as Exhibit "H".

   27. Judgment for money has not previously been entered against the Defendant

pursuant to the Guaranty in any jurisdiction for the debt here demanded.

   28. The Guaranty pursuant to which this judgment is being confessed has not been

assigned.

   29. The Warrant of Attorney appearing in the Guaranty is less than twenty (20) years

old.

   30. An Averment of Default is attached hereto.

   30. The judgment is not being entered by confession against natural persons in

connection with a consumer credit transaction.

31.     All conditions precedent to the entry of judgment for money have occurred.

32.     Although Plaintiff has sent a Notice of Default and Acceleration wherein Plaintiff demanded, <u>inter alia</u>, payment of all amounts due under the Note and the other Loan Documents, the Warranty of Attorney does not require Plaintiff to make prior demand prior to the entry of judgment for money.

33.     By reason of the aforesaid default and breach of the Note by the Borrower, Plaintiff is entitled, under the terms of the Guaranty, to entry of judgment in its favor and against Defendant in the amounts as follows:

Principal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $317,114.85

Accrued interest under the Note at the non-default contractual rate of interest set forth in the Note from May 1, 2002 through May 15, 2002.  The non-default contractual rate of interest was the prime rate announced in the Wall Street Journal as of February 3, 2002 plus 2% which equaled 6.75% per annum . . . . . . . . . . . . . . . . . . . $     891.90

Accrued interest under the Note at the Default Rate of 9.75% per annum from May 16, 2002 through June 10, 2002 . . .  $   2,147.25

Attorneys' commission as per the Note in the amount of 10% of all amounts due under the Note . . . . . . . . . . . . . . . . . . . . . . <u>$   32,015.40</u>

**TOTAL AMOUNT DUE UNDER THE NOTE . . . . . . . . . . . .  <u>$352,169.40</u>**

34.     Pursuant to the terms of the Note, interest will continue to accrue at the Default Rate, which is equal to $89.85 per day, until Plaintiff's judgment is paid in full.

28.     By virtue of the Warrant of Attorney, Plaintiff is entitled to immediate entry of judgment in the amount of $352,169.40 plus interest in the amount of $85.89 per day until the judgment against Defendant is paid in full.

6

**WHEREFORE**, Plaintiff demands the entry of judgment in its favor and against

Defendant in the amount of $352,169.40 plus interest of $85.89 per day until the judgment is

paid in full.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**


By: _____

DAVID M. GILES, ESQUIRE
ALAN NOCHUMSON, ESQUIRE
Attorneys for Plaintiff
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103
(215) 241-8877


Dated: June 18, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

---

## AVERMENT OF DEFAULT

STATE OF NEW YORK              :
                                                  : ss
COUNTY OF MONROE         :

I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

1.      I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

2.      On or about February 23, 1998, First Commercial Bank of Philadelphia

(hereinafter referred to as "FCB"), predecessor-in-interest to Plaintiff, made a loan to Yosef Meir

(the "Borrower") in the aggregate principal amount of Three Hundred and Fifty Thousand

Dollars ($350,000) (the "Loan"), which Loan was evidenced by a certain Promissory Note of an

even date ("Note").

3.      The Loan is secured by a certain Mortgage dated February 3, 1998 (the

"Mortgage") on the real property commonly known as 8113-8119 Frankford Avenue and rear

8111 Frankford Avenue, Philadelphia, Pennsylvania 19136 (the "Mortgage Premises").

4.      The Loan is also secured by a certain Assignment of Rents dated February 3, 1998 (the "Assignment of Rents")  for the Mortgaged Premises pursuant to the provisions of which, among other things, Borrower assigned to Plaintiff his right, title and interest in all of the rents, revenues, incomes, issues, profits, revenues and other income generated from the Mortgaged Property under any leases or otherwise (collectively referred to as the "Rents").

5.      The Loan is also irrevocably, absolutely and unconditionally guaranteed by Defendant pursuant to that certain Commercial Guaranty (the "Guaranty") dated February 3, 1998.

6.      The Note, the Mortgage, the Assignment of Rents and the Guaranty and any other document which evidences, secures or relates in any way to the Loan shall be collectively referred to hereafter as the "Loan Documents."

7.      In violation of the Note and the other Loan Documents and as more specifically set forth in the Complaint, the Borrower failed to pay real estate taxes due on the Mortgaged Premises to the City of Philadelphia for tax year 1998 in the amount of $11,062.10, for tax year 1999 in the amount of $14,463.02, for tax year 2000 in the amount of $13,447.57, for tax year 2001 in the amount of $11,980.83 and for tax year 2002 in the amount of $10,736.59 and the Borrower owes $61,690.11 in delinquent real estate taxes.

8.      Plaintiff has sent written notice of default and notice of acceleration to the Borrower and the Defendant.

9.      Pursuant to the terms of the Guaranty, since the Borrower has committed defaults and/or Events of Default under the Note and the other Loan Documents, Plaintiff is entitled to

2

confess judgment for money in its favor and against Defendant, as follows:

Principal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $317,114.85

Accrued interest under the Note at the non-default contractual rate of interest set forth in the Note from May 1, 2002 through May 15, 2002.  The non-default contractual rate of interest was the prime rate announced in the Wall Street Journal as of February 3, 2002 plus 2% which equaled 6.75% per annum . . . . . . . . . . . . . . . . . . $    891.90

Accrued interest under the Note at the Default Rate of 9.75% per annum from May 16, 2002 through June 10, 2002 . . . $   2,147.25

Attorneys' commission as per the Note in the amount of 10% of all amounts due under the Note . . . . . . . . . . . . . . . . . . . . . $ 32,015.40

**TOTAL AMOUNT DUE UNDER THE NOTE . . . . . . . . . . . <u>$352,169.40</u>**

Plus interest at the default rate of interest under the Guaranty calculated after June 11, 2002, which is equal to $85.89 per day, until the judgment is paid in full.

_____

NICHOLAS A. RENZI, JR.

Sworn to and Subscribed
before me this _____ day
of _____, 2002.


_____

Notary Public

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

_____

## **<u>AFFIDAVIT</u>**

|  |  |
|---|---|
| STATE OF NEW YORK | : |
| | : ss |
| COUNTY OF MONROE | : |

I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

1.    I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

2.    The facts set forth in the foregoing Complaint for Confession of Judgment for

Money are true and correct to the best of my knowledge, information and belief.

3.    The exhibits attached to the Complaint are true and correct copies of the originals.

_____
NICHOLAS A. RENZI, JR.

Sworn to and subscribed
before me this _____ day
of _____, 2002.

_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

**AFFIDAVIT OF BUSINESS TRANSACTION**

| | |
|---|---|
| STATE OF NEW YORK | : |
| | : ss |
| COUNTY OF MONROE | : |

I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

1.  I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

2.  The transaction upon which judgment is being entered is a business transaction.


_____
NICHOLAS A. RENZI, JR.

Sworn to and subscribed
before me this _____ day
of _____, 2002.


_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

_____

**AFFIDAVIT OF NON-MILITARY
<u>SERVICE AND CERTIFICATION OF ADDRESS</u>**

| | |
|---|---|
| STATE OF NEW YORK | : |
| | : ss |
| COUNTY OF MONROE | : |

I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

1.      I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

2.      The above-named Defendant is not in the military service of the United States,

nor any State or Territory thereof, or its allies as defined in the Soldiers' and Sailors' Civil Relief

Act of 1940 and amendments thereto.

3.      Plaintiff also certifies that its business address is One HSBC Center, Buffalo, New York 14203.


_____
NICHOLAS A. RENZI, JR.


Sworn to and subscribed
before me this _____ day
of _____, 2002.


_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

_____

## AFFIDAVIT OF INCOME

| | |
|---|---|
| STATE OF NEW YORK | : |
| | : ss |
| COUNTY OF MONROE | : |

I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

1.  I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

2.  The income of the Defendant is in excess of $10,000.00 per year.

_____
NICHOLAS A. RENZI, JR.

Sworn to and subscribed
before me this _____ day
of _____, 2002.
_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|                                               |     |        |
|-----------------------------------------------|-----|--------|
|                                               | :   |        |
| HSBC BANK USA,                                | :   |        |
| One HSBC Center                               | :   |        |
| Buffalo, New York, 14203                      | :   |        |
|                                               | :   |        |
|      Plaintiff,      | :   |        |
|                                               | :   |        |
|    vs.                         | :   | No.    |
|                                               | :   |        |
| DOLLAR IMPORT, INC.,                          | :   |        |
| A Pennsylvania Corporation                    | :   |        |
| 8113 Frankford Avenue                         | :   |        |
| Philadelphia, Pennsylvania 19136              | :   |        |
|                                               | :   |        |
|     Defendant.            | :   |        |

_____

**AFFIDAVIT THAT JUDGMENT IS NOT BEING**
**ENTERED AGAINST NATURAL PERSONS IN**
**CONNECTION WITH A CONSUMER CREDIT TRANSACTION**

STATE OF NEW YORK          :
                           : ss
COUNTY OF MONROE           :

    I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

    1.     I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

    2.     The judgment is not being entered by confession against natural persons in

connection with a consumer credit transaction.

 

                                      _____

Sworn to and subscribed                    NICHOLAS A. RENZI, JR.
before me this _____ day
of _____, 2002.


_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

---

**AFFIDAVIT THAT THE TRANSACTION DOES NOT ARISE FROM**
**A RETAIL INSTALLMENT SALE, CONTRACT OR ACCOUNT**

STATE OF NEW YORK            :
                             : ss
COUNTY OF MONROE             :

I, Nicholas A. Renzi, Jr., being duly sworn according to law, deposes and says:

1.       I am an Assistant Vice President of Plaintiff HSBC Bank USA (hereinafter

referred to as "Plaintiff") and am authorized to make this Affidavit on its behalf.

2.       The transaction upon which this confessed judgment is based does not arise from

a retail installment sale, contract or account.

_____
NICHOLAS A. RENZI, JR.

Sworn to and subscribed
before me this _____ day
of _____, 2002.


_____
Notary Public

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| HSBC BANK USA, | : | |
| One HSBC Center | : | |
| Buffalo, New York, 14203 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| DOLLAR IMPORT, INC., | : | |
| A Pennsylvania Corporation | : | |
| 8113 Frankford Avenue | : | |
| Philadelphia, Pennsylvania 19136 | : | |
| | : | |
| Defendant. | : | |

## JUDGMENT

**AND NOW**, this ___ day of _____, 2002, in accordance with the appearance of

counsel for Plaintiff HSBC Bank USA (as counsel for Defendant Dollar Import, Inc. by warrant

of attorney contained in the Commercial Guaranty (as such term is defined in the Complaint)), a

judgment is hereby entered against Defendant Dollar Import, Inc. in the amount of $352,169.40

plus interest of $85.89 per day until the judgment is paid in full.


BY THE COURT:


_____
                                                            J.

F:\70001\079\pleadings\complaint_dollar_import.wpd